UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WILMER ANTHONY SEGUE, III                    CIVIL ACTION

VERSUS                                        NUMBER: 14-1918

DISTRICT ATTORNEY'S OFFICE, ET AL.            SECTION: "A"(5)

## REPORT AND RECOMMENDATION

*Pro se* Plaintiff, Wilmer Anthony Segue, III, has initiated the above-captioned 42 U.S.C. §1983 proceeding *in forma pauperis* ("IFP") against Defendants, the District Attorney's Office for the Parish of St. Tammany, Judge Peter J. Garcia of the Twenty-Second Judicial District Court for the Parish of St. Tammany, St. Tammany Parish Assistant District Attorney Joseph Oubre, Detective Brian Brown of the Slidell Police Department, Attorney P. David Carollo, and Belinda Seals. (Rec. doc. 1, pp. 1, 4).

Plaintiff is an inmate of the St. Tammany Parish Jail in Covington, Louisiana, following his November 6, 2013 conviction of carnal knowledge of a juvenile. A review of the complaint that Plaintiff filed in this matter reveals that it falls far short of satisfying the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure, in that it fails entirely to set forth a ". . . short and plain statement of the claim showing that the pleader is entitled to relief; . . ." (Rec. doc. 1, p. 6). Rather, the reader of the complaint is referred to attachments in the form of "motion[s]" which Plaintiff purports to have "filed" against each of the Defendants. (*Id.*). A review of those materials, however, reveals nothing in the way of "motions" as that term is generally understood and certainly no writings that ". . . state with particularity the grounds for seeking the order" as required by Rule 7(b)(1)(B). (Rec.

doc. 1-1, pp. 1-59). Instead, the Court is presented with various and sundry documents separated by rudimentary indexes from which it must endeavor to divine the nature of the claims that Plaintiff attempts to assert. (*Id.*). Those documents are described more fully below.

With respect to Defendant, the St. Tammany Parish District Attorney's Office, Plaintiff attaches to his complaint copies of an arrest register, a Department of Corrections Master Record, a single page from a case reported in the Southern Reporter, an undated letter from the St. Tammany Public School System, and what appears to be excerpts from a Department of Corrections manual, all of which bear handwritten annotations and points of emphasis. (Rec. doc. 1-1, pp. 1-8). As best as the Court can determine, what Plaintiff is attempting to demonstrate through these documents is that the District Attorney created illegal rap sheets, altered Plaintiff's arrest record, and reported him to be a registered sex offender before he was ever convicted. (Rec. doc. 1-1, p. 1-8).

As to Defendant, Judge Garcia, Plaintiff provides the Court a copy of a transmittal letter from the clerk of the state district court, along with a copy of a motion for reconsideration that was denied by the Judge on July 28, 2014. (Rec. doc. 1-1, pp. 9-16). Two other motions that were referenced in the index preceding these documents are not included in Plaintiff's filing.

With respect to Defendant, Detective Brian Brown, Plaintiff furnishes a copy of an email that had been sent to him by a private citizen relating an encounter she and her daughter had allegedly had with Plaintiff in January of 2013; excerpts from what appears to be the affidavit supporting Plaintiff's arrest warrant; Facebook exchanges in which the Detective reportedly held himself out to be a female teenager; an unsigned waiver of rights

form; and largely illegible copies of pictures of a cell phone purportedly depicting the Detective obtaining Plaintiff's address via Mapquest. (Rec. doc. 1-1, pp. 17-30).

As for Defendant, Attorney P. David Carollo, and another attorney who is not identified as such in the caption of or in the body of his complaint, Plaintiff attaches copies of a letter he received from the Louisiana Attorney Disciplinary Board; a letter from Carollo himself; a summary of various constitutional amendments; statements from two individuals that were critical of the victim's mother or the services of Carollo; assorted cancelled checks evidencing payments to Carollo and the other attorney; and a copy of a petition Carollo had filed against Plaintiff in state court for money owed. (*Id.*, pp. 31-51).

As to Defendant, Belinda Seals, who appears to be the mother of the victim, Plaintiff attaches to his complaint another copy of the individual's statement he had provided for Attorney Carollo, a page from Facebook pertaining to the victim, and Seal's arrest record. (Rec. doc. 1-1, pp. 52-59). Finally, although Plaintiff named Assistant District Attorney Oubre as a Defendant herein, attached to his complaint is no "motion" pertaining to Oubre. In his prayer for relief, Plaintiff asks that the Court ". . . file civil, criminal, and federal charges against all parties involved." (Rec. doc. 1, p. 6).

Plaintiff has instituted suit herein IFP pursuant to 28 U.S.C. §1915. A proceeding brought IFP may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii). *See also* 28 U.S.C. §1915A(b), 42 U.S.C. §1997e(c). Giving the instant complaint a liberal reading, it is the recommendation of the Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

3

Plaintiff's §1983 claims against the named Defendants fail for a variety of reasons. As to the first named Defendant, "Louisiana law does not permit a district attorney's office to be sued in its own name. Rather, it requires that the claim be brought against the district attorney in his official capacity." *Hudson v. City of New Orleans*, 174 F.3d 677, 680 (5th Cir.), *cert. denied*, 528 U.S. 1004, 120 S.Ct. 498 (1999)(citations omitted); *Boyle v. 22nd Judicial District Attorney's Office*, No. 14-CV-0855, 2014 WL 4072114 at *2 (E.D. La. Aug. 13, 2014); *Rinker v. New Orleans District Attorney*, No. 10-CV-0810, 2010 WL 2773236 at *4 (E.D. La. June 15, 2010), *adopted*, 2010 WL 2773383 (E.D. La. July 12, 2010); *Causey v. The Parish of Tangipahoa*, No. 00-CV-2352, 2001 WL 294058 at *5 (E.D. La. March 27, 2001). Accordingly, no claim against the District Attorney's Office lies here. Even construing Plaintiff's claim as one brought against the District Attorney in his official capacity, Plaintiff fares no better because he does not allege, much less identify, a policy or custom which allegedly caused a deprivation of his constitutional rights. *Rinker*, 2010 WL 2773236 at *4-5 (citing *Murray v. Town of Mansura*, 76 Fed.Appx. 547, 549 (5th Cir. 2003) and *Treece v. Louisiana*, 74 Fed.Appx. 315, 316 (5th Cir. 2003)).

Turning to Judge Garcia, the alleged conduct of which Plaintiff complains concerns the manner in which the Judge handled a case pending before him, namely, Plaintiff's state court criminal proceeding. Such conduct is clearly judicial in nature, triggering the application of judicial immunity. *Jones v. Judge of the 129th, Harris County District Court*, 113 Fed.Appx. 603, 604 (5th Cir. 2004)(citing *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994)). Consequently, a §1983 claim against Judge Garcia in his individual capacity fails due to the absolute judicial immunity that the judge enjoys. *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099 (1978); *Graves v. Hampton*, 1 F.3d 315, 317-18 (5th Cir. 1993). Further, any such

claim brought against Judge Garcia in his official capacity fails for two additional reasons. First, the Judge is a state official and state officials acting in that capacity are not considered to be "persons" within the meaning of §1983. *Washington v. Louisiana*, No. 09-CV-3186, 2009 WL 2015556 at *5 (E.D. La. June 30, 2009). Second, because an official-capacity claim against the Judge is, in reality, a claim against the state itself, any such claim is barred by the Eleventh Amendment. *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 188 (5th Cir. 1986); *Doris v. Van Davis*, No. 08-CV-4138, 2009 WL 382653 at *2 (E.D. La. Feb. 12, 2009).

From a review of the attachments to Plaintiff's complaint it appears that his claim against Detective Brown centers on inaccuracies in the affidavit supporting the warrant for his arrest and allegations of entrapment. To the extent that such allegations call into question the legality of Plaintiff's conviction and consequent confinement, he presents a claim sounding in the nature of *habeas corpus* which must first be pursued on those grounds, but only after Segue has exhausted available state court remedies. *Hernandez v. Spencer*, 780 F.2d 504, 505 (5th Cir. 1986). Even then, no §1983 cause of action respecting such allegations comes to fruition unless and until Plaintiff is able to have his conviction declared unlawful by a state or federal tribunal authorized to make such a determination. *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994). Common to the next two specifically named Defendants, Attorney Carollo and Belinda Seals, is the fact that neither of them is considered to be acting under color of state law for purposes of §1983 liability. *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445 (1981)(court-appointed counsel); *Russell v. Millsap*, 781 F.2d 381, 383-84 (5th Cir. 1985)(retained counsel); *Lavergne v. Martinez*, No. 13-CV-2121, 2014 WL 897837 at *3-4 (W.D. La. March 6, 2014)(complaining witness); *Shadley v. Biloxi Police Dept.*, No. 08-CV-0083, 2008 WL 4861984 at *2 (S.D. Miss. Nov. 10,

2008)(same).  Finally, with respect to Assistant District Attorney Oubre, who is named as a Defendant in the caption of and again in the body of Plaintiffs' complaint but as to whom there is otherwise no mention of, any claim against him in his individual capacity is barred by absolute prosecutorial immunity and any claim against him in his official capacity suffers from the same infirmity as any purported claim against the District Attorney in his official capacity.  *Beard v. Wolf*, No. 13-CV-4772, 2014 WL 3687236 at *2-3 (E.D. La. July 22, 2014); *Rinker*, 2010 WL 2773236 at *4-5.  Accordingly, for the foregoing reasons, it will be recommended that Plaintiff's suit be dismissed pursuant to §1915(e)(2)(B)(i) and (ii).

**RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's suit be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 10th day of September, 2014.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

6